APPEAL,CLOSED,E−NTC,IFP,JURY,PROSE−NP,TYPE−F

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:25−cv−03711−UNA

| | |
|---|---|
| HOID v. XINIS et al | Date Filed: 10/14/2025 |
| Assigned to: Unassigned | Date Terminated: 01/02/2026 |
| Demand: $90,000,000 | Jury Demand: Plaintiff |
| Cause: 28:1983 Civil Rights | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**EDWARD HOID**   represented by   **EDWARD HOID**
1815 28th Street
Unit H
Greeley, CO 80631
Email: edward.h.hoid@gmail.com
PRO SE

V.

**Defendant**

**PAULA XINIS**
*U.S. District Judge*

**Defendant**

**GEORGE L. RUSSELL, III**
*U.S. District Court Judge*

**Defendant**

**PHILLIP BRIMMER**
*U.S. District Court Judge*

**Defendant**

**CAROLYN MCHUGH**
*U.S. Court of Appeals Judge*

**Defendant**

**SCOTT MATHESON**
*U.S. Court of Appeals Judge*

**Defendant**

**GREGORY PHILLIPS**
*U.S. Court of Appeals Judge*

**Defendant**

**VERONICA ROSSMAN**

*U.S. Court of Appeals Judge*

**Defendant**

**VERONICA FEDERICO**

*U.S. Court of Appeals Judge*

**Defendant**

**LEWIS T. BABCOCK**

*U.S. District Court Judge*

**Defendant**

**FEDERAL BUREAU OF INVESTIGATION**

**Defendant**

**FEDERAL COMMUNICATIONS COMMISSION**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/14/2025 | 1 | COMPLAINT against All Defendants with Jury Demand filed by EDWARD HOID. (Attachments: # 1 Civil Cover Sheet, # 2 Envelope)(znmw) (Entered: 11/04/2025) |
| 10/14/2025 | 2 | MOTION for Leave to Proceed in forma pauperis by EDWARD HOID. (znmw) (Entered: 11/04/2025) |
| 10/14/2025 |   | **Initiating Pleading & IFP Application Received.** (znmw) (Entered: 11/04/2025) |
| 10/14/2025 | 3 | NEW Pro Se Consent To Receive Notices of Electronic Filing by EDWARD HOID (znmw) (Entered: 11/04/2025) |
| 01/02/2026 | 4 | MEMORANDUM AND OPINION. Signed by Judge Ana C. Reyes on 1/2/2026. (znmw) (Entered: 01/05/2026) |
| 01/02/2026 | 5 | ORDER DISMISSING PRO SE CASE WITHOUT PREJUDICE. Ordered that the application of the plaintiff to proceed in forma pauperis is granted. This is a final appealable Order. Pro Se party has been notified electronically. Signed by Judge Ana C. Reyes on 1/2/2026. (znmw) (Entered: 01/05/2026) |
| 01/12/2026 | 6 | NOTICE of Change of Address by EDWARD HOID (znmw) (Entered: 01/16/2026) |
| 01/12/2026 | 7 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 5 Order Dismissing Pro Se Case, 4 Memorandum & Opinion by EDWARD HOID. Fee Status: IFP. Parties have been notified. (znmw) (Entered: 01/16/2026) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
Mailroom

JAN 1 2 2026

Angela D. Caesar, Clerk of Clerk
U.S. District Court District of Columbia

Edward Hoid
_____
Plaintiff

vs.

Civil Action No. 1:25-cv-03711-UNA

Paula Xinis, et al
_____
Defendant

## NOTICE OF APPEAL

Notice is hereby given this  5th  day of  January , 20 26 , that

Edward Hoid

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from

the judgment of this Court entered on the  2nd  day of  January , 20 26

in favor of  Paula Xinis, et al

against said  Plaintiff

_____
Attorney or Pro Se Litigant

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

**CLERK**   Please mail copies of the above Notice of Appeal to the following at the addresses indicated:

Record on Appeal
Notice of Appeal

Both to the Circuit Court

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWARD HOID, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 1:25-cv-03711 (UNA) |
| PAULA XINIS, et al., | ) |
|       Defendants. | ) |

### ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that Plaintiff's Application for Leave to Proceed *in forma pauperis*, ECF No. 2, is **GRANTED**, and it is further

**ORDERED** that the Complaint, ECF No. 1, and this case, are **DISMISSED** without prejudice.

This is a final appealable Order. *See* Fed. R. App. P. 4(a).

Date: January 2, 2026

/s/_____
ANA C. REYES
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWARD HOID, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:25-cv-03711 (UNA) |
| | ) |
| PAULA XINIS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Currently before the Court is Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP App."), ECF No. 2. The Court denies Plaintiff's IFP Application, and for the reasons discussed below, it dismisses this matter without prejudice.

Plaintiff, a resident of Utah, sues multiple federal judges, the Federal Bureau of Investigation, and the Federal Communications Commission. *See* Compl. at 1, 3–4, 7–8. The Complaint totals 332 pages and is comprised of assorted theories predicated on Plaintiff's belief that the federal executive and judiciary are "plotting on and executing the destruction of America," due to their "loyalty to foreign cultures," and that they have infiltrated, directly and remotely, Plaintiff's life in myriad negative ways. *See generally Compl.* He demands assorted injunctions and $90 million in damages. *See id*. at 328–29.

*Pro se* litigants must comply with the Federal and Local Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Put differently, "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The instant Complaint falls within this category. It is neither short nor plain, *see* Fed. R. Civ. P. 8(a), its allegations cannot be described as simple, concise, or direct, *see* Fed. R. Civ. P. 8(d)(1), and the paragraphs are not limited to a single set of circumstances, *see* Fed. R. Civ. P. 10(b). As presented, the Complaint is simply "too unwieldy to proceed." *See Spence v. U.S. Dep't of Vet. Affairs*, No. 19-cv-1947, 2022 WL 3354726, at *11 (D.D.C. Aug. 12, 2022), *aff'd*, 109 F.4th 531 (D.C. Cir. 2024), *cert. denied*, 145 S. Ct. 594 (2024). "Courts have often dismissed complaints that contain bloated and disorganized allegations such as this for violations of Rule 8." *Id*. (citing *Unfoldment, Inc. v. Dist. of Columbia*, No. 07-cv-1717, 2007 WL 3125236, at *1–2 (D.D.C. Oct. 24, 2007) (dismissing 61-page complaint); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004) (affirming dismissal without prejudice of 61-page complaint and striking of 119-page complaint); *Nichols v. Holder*, 828 F. Supp. 2d 250, 253–54 (D.D.C. 2011) (dismissing 140-

page complaint because it was "prolix, redundant, [and] bloated with unnecessary detail," falling far short of Rule 8(d)'s requirement that each allegation be "simple, concise, and direct"); *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977) (finding that the complaint failed to comply with Rule 8(a) and because it was "outrageously long-winded and redundant, and hides the substance of its claims within its prolixity. Defendants should not be forced to spend time and energy in attempting to decipher Hamrick's utterly confusing and lengthy pleading.")).

To be clear, it "is not merely the length . . . that warrants dismissal for violating Rule 8; the disorganized and convoluted nature of the allegations counsel that result as well." *Spence*, 2022 WL 3354726, at *12 (citing *Nichols*, 828 F. Supp. 2d at 252) ("[U]necessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.")) (other citations and internal quotation marks omitted). Here, neither the Court nor the Defendants can plausibly understand Plaintiff's intended claims or entitlement to relief, if any. Indeed, Plaintiff's allegations are largely frivolous and strain credulity. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (a court shall dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible."); *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981) (a court shall dismiss a complaint as frivolous when it "postulates events and circumstances of a wholly fanciful kind.").

For these reasons, the Complaint, ECF No. 1, and this case, are dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date:  January 2, 2026

/s/_____
  ANA C. REYES
  United States District Judge